**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALEXANDER JIGGETS      *

Petitioner      *

v      *      Civil Action No. JFM-11-3191

DISTRICT COURT OF MARYLAND FOR      *
BALTIMORE COUNTY and
MICHAEL P. VACH, ADMINISTRATIVE      *
CLERK

     *

Respondents

     ***

## MEMORANDUM

The above-captioned petition for writ of habeas corpus was filed on November 8, 2011, together with the full filing fee. Petitioner Alexander Jiggetts ("Jiggetts") seeks to be freed from restraints placed on his liberties by the Clerk of the District Court for Baltimore County, Maryland. ECF No. 1. For the reasons following the petition must be dismissed.[1]

Jiggetts claims he filed a lawsuit against the retail store Best Buy on June 6, 2010, in the District Court for Baltimore County. He states Best Buy never filed an answer to the complaint, entitling him to automatic default judgment. He claims he was banned from the courthouse and was not allowed to go to trial for discriminatory reasons. Jiggetts states that the Clerk, Michael Vach, cannot claim he did not know about the incident because Jiggetts wrote to the Attorney General's office and filed a complaint concerning the Clerk. In addition, Jiggetts states he contacted the corporate offices of Best Buy prior to filing suit and offered to settle his claim if they wrote him a check for $12,000. Jiggetts seeks an order from this court that, in essence, requires the state court to grant default judgment in his favor. He argues that his lack of

---

[1] Under 28 U.S.C. §2243 this court must review petitions for writs of habeas corpus and either forthwith award the writ or issue an order directing the respondent to show cause unless it appears the applicant is not entitled to the writ. Because Jiggetts is not entitled to the relief he seeks, an order to show cause will not issue.

incarceration should not prohibit him from entitlement to a writ of habeas corpus.

Title 28 U.S.C. §2241(c) specifies that the court's power to issue a writ of habeas corpus extends to "a prisoner" and limits the circumstances under which it may issue. Specifically, habeas relief may not be granted to a prisoner unless:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

Jiggetts, who is not a prisoner, is not entitled to habeas corpus relief.

To the extent the petition is fairly construed as a petition for writ of mandamus, it also fails. A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). This court does not have jurisdiction over state employees in an action for writ of mandamus, nor does this court have jurisdiction to require a state court to issue an order. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); s*ee also* 28 U.S.C. § 1361. To the extent that Jiggetts is convinced that the failure to issue a default judgment in his favor was legal error, he has available to him appellate review in the state courts. As a matter

of comity, this court will not intervene in a matter that the state courts have not had an opportunity to address. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).   A separate order dismissing the petition follows.


___November 16, 2011___                              _____/s/_____
Date                                                                J. Frederick Motz
                                                                       United States District Judge